IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WESLEY WILLIS,               )
                                     )
        Plaintiff,          )
                                     )
        v.                )     No. 1:16-cv-2053
                                     )
COMMISSIONER OF THE INDIANA   )
DEPARTMENT OF CORRECTION, in his )
official capacity, and SUPERINTENDENT )
OF THE PENDLETON CORRECTIONAL )
FACILITY, in his official capacity,     )
                                     )
        Defendants.       )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**Introductory Statement**

1.    Wesley Willis is an inmate confined to the Pendleton Correctional Facility, which is a correctional institutional operated by the Indiana Department of Correction ("DOC"). In the past, he and other inmates within the DOC have been allowed to receive copies of the San Francisco Bay View National Black Newspaper ("the Newspaper"), a monthly publication that focuses largely on issues of interest to the African American community. However, in December 2015 the DOC determined that allowing inmates access to this publication would threaten institutional security, and it therefore refused to permit inmates to continue receiving the Newspaper. There is no penological justification for this ban, and this ban violates the First Amendment to the United States Constitution. Appropriate declaratory and injunctive relief must issue.

**Jurisdiction, Venue, and Cause of Action**

2.    This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.      Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and

28 U.S.C. §§ 2201 and 2202.

5.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under

color of state law, of rights secured by the United States Constitution.

**Parties**

6.      Wesley Willis is an adult resident of Indiana who is currently incarcerated at the

Pendleton Correctional Facility, a correctional institution operated by the Indiana

Department of Correction.

7.      The Commissioner of the Indiana Department of Correction is the duly appointed head of

that agency, and is sued in his official capacity.

8.      The Superintendent of the Pendleton Correction Facility is the duly appointed head of

that facility, and is sued in his official capacity.

**Factual Allegations**

9.      Wesley Willis is an inmate currently confined to the Pendleton Correctional Facility

("Pendleton"), a correctional institution operated by the Indiana Department of

Correction ("DOC").

10.     Mr. Willis has a subscription to the San Francisco Bay View National Black Newspaper

("the Newspaper"), and has in the past received copies of the Newspaper directly from its

publisher in accordance with DOC policies governing prisoner correspondence.

11.     The Newspaper is published monthly and, according to its website, provides "[e]xciting,

thought-provoking stories and commentary on the full range of Black trials and triumphs

– covering the Black economy, politics, arts, education, history, current events, health,

religion – and those of other communities."  (*See* S.F. Bay View Nat'l Black Newspaper, *About Us*, *at* http://sfbayview.com/about [last visited June 30, 2016]).

12.     For instance, the newspaper's website (http://sfbayview.com) currently includes stories on the United Kingdom's departure from the European Union, the recent suicides of two women in California's prison system, the vote of the Oakland (California) City Council to ban coal exports, and the recent release of a particular musical album.

13.     Mr. Willis was allowed to receive copies of the Newspaper for at least several months while incarcerated at Pendleton.  However, in December 2015 a different DOC inmate who was then incarcerated at Pendleton but has since been transferred to a different DOC facility published an op-ed in the Newspaper titled "Do Black lives matter behind prison walls?"   This op-ed generally encouraged awareness of the author's opinion that institutional racism exists within prison as well as outside of it.

14.     Beginning with this December 2015 edition, the DOC determined that the Newspaper represented a threat to security and confiscated and refused to disseminate it to inmates at Pendleton, including Mr. Willis.  On information and belief, the following month the DOC confiscated and refused to disseminate the Newspaper at other DOC facilities as well.

15.     Mr. Willis has thus had copies of the Newspaper confiscated each month since December 2015, and he has been unable to receive the Newspaper since that time even though he would like to do so.

16.     The Newspaper does not present a threat to institutional security, and there is no valid reason for the DOC to refuse inmates access to this publication.

17.     Mr. Willis has fully exhausted the DOC's grievance system, and copies of his grievances are attached as Exhibit 1.

18.     The defendants have, at all times, acted or refused to act under color of state law.

19.     The plaintiff is being caused irreparable harm for which there is no adequate remedy at law.

**Legal Claim**

20.     The defendants' refusal to permit the plaintiff to receive copies of the San Francisco Bay View National Black Newspaper violates the First Amendment to the United States Constitution.

**Request for Relief**

**WHEREFORE,** the plaintiff requests that this Court do the following:

1.     Accept jurisdiction of this cause and set it for hearing at the earliest opportunity.

2.     Declare that the defendants have violated the rights of the plaintiff for the reasons described above.

3.     Issue a preliminary injunction, later to be made permanent, enjoining the defendants to allow the plaintiff to receive copies of the San Francisco Bay View National Black Newspaper.

4.     Award the plaintiff his costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

5.     Issue all other proper relief.

_/s/ Gavin M. Rose_____
Gavin M. Rose

_/s/ Jan P. Mensz_____
Jan P. Mensz
ACLU OF INDIANA
1031 E. Washington St.
Indianapolis, IN  46202
Ph:     317.635.4059
Fax:    317.635.4105
<grose@aclu-in.org>
<jmensz@aclu-in.org>

*Attorney for the plaintiff*