# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WESLEY WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:16-cv-2053-TWP-DKL |
| | ) | |
| COMMISSIONER OF THE INDIANA | ) | |
| DEPARTMENT OF CORRECTION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Concerning Selected Matters

## I.

This is a civil rights action in which the plaintiff seeks a preliminary injunction. A hearing on the motion for issuance of a preliminary injunction has been set for December 13, 2016. This is a case in which only injunctive relief is sought, and on a single claim. A procedure which commends itself in these circumstances is prescribed by Rule 65(a)(2) of the *Federal Rules of Civil Procedure*:

> (2) *Consolidation of Hearing With Trial on Merits.* Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application.

Invoking the foregoing procedure requires application of the principle announced in *Pughsley v. 3750 Lake Shore Drive Coop. Bldg.,* 463 F.2d 1055, 1057 (7th Cir. 1972), that "the parties should normally receive clear and unambiguous notice . . . either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." Consistent with the foregoing, it was prudently observed that "the parties should be given a clear

opportunity to object, or to suggest special procedures, if a consolidation is to be ordered." *Id.* This principle is cited with approval in *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

## II.

Consistent with the review of Rule 65(a)(2) in Part I of this Entry, the parties are **notified** that *the Court proposes to combine the hearing on the motion for preliminary injunction with trial on the merits.*

The parties shall have **through September 20, 2016** in which to consent to, in which to object to, or in which to propose special procedures pertaining to, consolidating the hearing on the motion for preliminary injunction with trial on the merits.

## III.

The defendants are two state officials sued in their official capacities. "Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985); *see also Klebanowski v. Sheahan,* 540 F.3d 633, 637 (7th Cir. 2008); *Guzman v. Sheahan,* 495 F.3d 852, 856 (7th Cir. 2007). The same relief appears to be sought from each defendant.

The State of Indiana and its agencies cannot be sued in federal court in the circumstances suggested by the complaint. *Nunez v. Indiana Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). However, the plaintiff may seek injunctive and declaratory relief against individual state defendants sued in their official capacities in federal court to "end a continuing violation of federal law." *Green v. Mansour,* 474 U.S. 64, 68 (1985); *see also Sorrentino v. Godinez*, 777 F.3d 410, 415 (7th Cir. 2015)("Sovereign immunity normally does not bar suits for injunctive relief in federal court alleging that a state official violated the federal constitution or laws. See *Ex Parte Young,* 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908)").

"Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The court may either strike on its own or on a motion by a party and has considerable discretion in striking any redundant, immaterial, impertinent or scandalous matter." *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

Based on the foregoing, the plaintiff shall have **through September 20, 2016** in which to *either voluntarily dismiss* one of the designated defendants *or show cause* why the Court should not strike the claims against one of the defendants as redundant.

## IV.

The action was commenced with the filing of the plaintiff's complaint and his motion for preliminary injunction. Process was issued to the defendants and was served by certified mail—on the defendant Commissioner on August 8, 2016 and on the defendant Superintendent on August 5, 2016.

Although it is evident from the proceedings that the defendants intend to resist the injunctive relief sought by the plaintiff, they have not yet filed an answer to the complaint. It is appropriate that they **do so without delay.**

IT IS SO ORDERED.

Date: 9/6/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel